# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
09/24/2018
CT Log Number 534113700

TO:   Diana Polonczyk
Alticor Inc.
Legal Division, 7575 East Fulton Road
Ada, MI 49355-0001

RE:   **Process Served in California**

FOR:   Alticor Inc.  (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALEXANDER RAMSEY, PLTF. vs. AM WAY CORP., ETC., ET AL., DFTS. // TO: ALTICOR INC. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COMPLAINT, EXHBIT |
| **COURT/AGENCY:** | COUNTY OF ORANGE - SUPERIOR COURT, CA<br>Case # 30201801015522CUWTCJC |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - April 2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/24/2018 at 15:24 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Alireza Alivandivafa, Esq.<br>1925 Century Park East, Suite 1990<br>Los Angeles, CA 90067<br>310-570-2238 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780117547024<br><br>Image SOP<br><br>Email Notification,  Diana Polonczyk  Diana.Polonczyk@amway.com<br><br>Email Notification,  Mona Pawelka  mona.pawelka@amway.com<br><br>Email Notification,  Terri Dunderman  terri.dunderman@amway.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / MB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> AMWAY CORP., a Virginia Corporation; ALTICOR INC., a Michigan Corporation; <br> FAROUQUE KHATTAK, an individual; and DOES 1 through 20, inclusive, <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> ALEXANDER RAMSEY, an individual, | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of Orange <br><br> **08/29/2018** at 05:41:58 PM <br> Clerk of the Superior Court <br> By Clarissa Bustamante,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br><br> Orange County Superior Court, Central Justice Center <br><br> 700 Civic Center Drive West, Santa Ana, California 92701 | **CASE NUMBER:** <br> *(Número del Caso):* <br><br> 30-2018-01015522-CU-WT-CJC <br><br> Judge Sheila Fell |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alireza Alivandivafa, Esq., Azad Marvazy, Esq.,1925 Century Park East, Suite 1990, Los Angeles, CA  90067 (310) 570-2238

| DATE: 08/29/2018 <br> *(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by <br> *(Secretario)* | Clara 2------ | , Deputy <br> *(Adjunto)* |
|---|---|---|---|---|
| | | | | Clarissa Bustamante |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  ALTICOR INC., A MICHIGAN CORPORATION

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*   9,24·18

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1  Alireza Alivandivafa, Esq. (SBN 255730)
   Azad M. Marvazy, Esq. (SBN 298622)
2  1925 Century Park East, Suite 1990
   Los Angeles, California 90067
3  Tel: (310) 570-2238
   Fax: (310) 300-1015
4
   Attorneys for Plaintiff,
5  ALEXANDER RAMSEY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
08/29/2018 at 05:41:58 PM
Clerk of the Superior Court
By Clarissa Bustamante,Deputy Clerk

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                    **FOR THE COUNTY OF ORANGE**

9                                          Judge Sheila Fell

| | |
|---|---|
| 10  ALEXANDER RAMSEY, an individual, | **CASE NO:** 30-2018-01015522-CU-WT-CJC |
| 11          Plaintiff, | **UNLIMITED JURISDICTION** |
| 12  vs. | **COMPLAINT FOR:** |
| 13  AMWAY CORP., a Virginia Corporation; | 1.  **Violation of FEHA, Government Code § 12940(a) – Discrimination;** |
| 14  ALTICOR INC., a Michigan Corporation; FAROUQUE KHATTAK, an individual; and | |
| 15  DOES 1 through 20, inclusive, | 2.  **Violation of FEHA, Government Code § 12940(h) – Retaliation;** |
| 16          Defendants. | 3.  **Violation of FEHA, Government Code § 12940(j) – Harassment;** |
| 17 | |
| 18 | 4.  **Violation of FEHA, Government Code § 12940(k) – Failure to Take All Steps Necessary to Stop Discrimination, Retaliation, and Harassment from Occurring;** |
| 19 | |
| 20 | |
| 21 | 5.  **Interference with and Retaliation for Taking Leave Under the California Family Rights Act, Cal. Gov. § Code § 12945.2, et seq.;** |
| 22 | |
| 23 | 6.  **Wrongful Termination in Violation of Public Policy.** |
| 24 | |
| 25 | **DEMAND FOR JURY TRIAL** |

26

27

28

[this document
printed on
recycled paper]

- 1 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR A JURY TRIAL

1    Plaintiff ALEXANDER RAMSEY (hereinafter "Plaintiff") hereby brings this action

2    against Defendants for damages resulting from Defendants' unlawful and tortious conduct and, as

3    grounds therefore, alleges:

4    1.    Plaintiff Alexander Ramsey (hereinafter "Plaintiff") is, and at all relevant times

5    herein mentioned was, an individual employed in the County of Orange, State of California.

6    2.    Plaintiff is informed and believes Defendant AMWAY CORP. (hereinafter

7    "Amway") is and, at all relevant times herein mentioned, was a Virginia Corporation, doing

8    business in the County of Orange, State of California.

9    3.    Plaintiff is informed and believes Defendant ALTICOR INC. (hereinafter

10   "Alticor") is and, at all relevant times herein mentioned, was a Michigan Corporation, doing

11   business in the County of Orange, State of California.

12   4.    Plaintiff is informed and believes Defendant FAROUQUE KHATTAK

13   (hereinafter "Khattak") is and, at all relevant times, an individual employed in the County of

14   Orange, State of California.

15   5.    The true names and capacities of Does 1 through 20 are unknown to Plaintiff who

16   therefore sues the Doe Defendants by fictitious names.  Plaintiff will amend this Complaint to

17   show their true names and capacities when they have been ascertained. Plaintiff is informed and

18   believes, and hereon alleges, that such Doe defendants are residents of California.  Defendants

19   Amway, Alticor, Khattak and DOES 1-20 are collectively referred to as "Defendants."

20   6.    Plaintiff is informed and believes and thereupon alleges that, at all times material

21   herein, each defendant was the agent, employee and/or working in concert with her, his or their

22   co-defendants, and was acting within the course and scope of such agency, employment and/or

23   concerted activity.  To the extent that certain defendants perpetrated certain acts and omissions,

24   the remaining defendant or defendants confirmed and ratified said acts and omissions.  Each

25   defendant was completely dominated and controlled by his, her or their co-defendants, and each

26   was the alter ego of the other. In doing the wrongful acts and omissions alleged, each Defendant

27   was the agent, servant, employee or co-conspirator of each other Defendant and each Defendant

28   acted in the course and scope of the agency, service, employment or conspiracy with ratification

1    or approval of the principal, employer and fellow conspirators.  Further, the defendants acted as

2    alter egos of each other, therefore making them liable for all debts, damages, penalties, judgments

3    and other financial responsibility incurred.

4         7.    This Court is the proper court and this action is properly filed in the County of

5    Orange and in this judicial district because (a) pursuant to Code of Civil Procedure section 395.5,

6    Defendants transact business in Orange County; (b) pursuant to Government Code section

7    12965(b), Plaintiff was hired and employed by Defendants in Orange County and records relevant

8    to the employment are maintained and administered in Orange County; (c) Defendants do

9    business in and employed Plaintiff in Orange County; (d) At least some Doe Defendants, based

10   upon information and belief, resided at all times relevant to this Complaint and/or at currently

11   resides in the County of Orange; and (e) material transactions between Plaintiff and Defendants

12   took place within Orange County.

13        8.    Plaintiff filed a timely complaint against Defendants with the Department of Fair

14   Employment and Housing ("DFEH"), thereby exhausting his administrative remedies.  Plaintiff

15   received a letter from the DFEH giving him the right to sue Defendants.  Plaintiff's DFEH

16   complaint and right to sue notice is attached hereto as Exhibit "A."

17        9.    In approximately November 2012, Defendants hired Plaintiff to work as a

18   Manufacturing Supervisor / Group Leader.  Plaintiff performed his job satisfactorily.

19        10.   In approximately 2013, a Quarterly Review Meeting was held in which Defendant

20   Farouque Khattak, Vice President of Operations, used derogatory language directed at Plaintiff.

21        11.   Defendant Khattak pervasively brought up Plaintiff's age to him and to other

22   coworkers repeatedly creating a work environment wherein Plaintiff was being harassed.  This

23   was done to belittle and attack Plaintiff and created a work environment that could not be

24   interpreted any way other than hostile.

25        12.   Other supervisors made comments to Plaintiff relating to his age which made it

26   clear that the extra scrutiny he received was harassment based on his age.

27        13.   In approximately August 2016 Plaintiff was given a 90-day Performance

28   Improvement Plan. Before he could complete his full 90-days, Plaintiff took a medical leave of

1    absence to tend to his health concerns.  This plan was mere pretext to attack Plaintiff because of

2    his age.

3         14.     In approximately April 2017, immediately upon his return from medical leave,

4    Plaintiff was terminated for not completing his Performance Improvement Plan, despite the fact

5    that he was out on leave.

6         15.     Defendants harassed and discriminated against Plaintiff by wrongfully

7    terminating his employment based on his age and failed to prevent discrimination and retaliation

8    in the workplace.

9                                **FIRST CAUSE OF ACTION**

10              **Violation of FEHA, Government Code § 12940(a) – Discrimination**

11                                **(Against All Defendants)**

12        16.     As a separate and distinct cause of action, Plaintiff complains and realleges all the

13   allegations contained in this Complaint, and incorporates them by reference into this cause of

14   action as though fully set forth herein, excepting those allegations which are inconsistent with this

15   cause of action. Plaintiff brings this cause of action individually against all Defendants.

16        17.     At all applicable times mentioned in this complaint, Defendants regularly

17   employed five or more persons bringing Defendants within the provisions of the California Fair

18   Employment and Housing Act.  Defendants within the provisions of the California Fair

19   Employment and Housing Act.

20        18.     Plaintiff has adequately exhausted all of his administrative remedies under FEHA

21   and obtained a "right to sue" letter from the Department of Fair Employment and Housing against

22   Defendants.

23        19.     Plaintiff was discriminated against by the Defendant on the basis of his age and

24   disability condition, as prohibited by the FEHA, Plaintiff suffered adverse employment actions by

25   and through Defendants, including - but not limited to – his wrongful termination.

26

27

28

[this document
printed on
recycled paper]

- 4 -

20.     As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and his employment benefits.

21.     As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof. Plaintiff further seeks all declaratory and equitable relief allowed by the FEHA and common law.

22.     Plaintiff is informed and believes and herein alleges that the aforesaid acts directed toward him were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of the Defendants named herein.

23.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Pursuant to the provisions of the FEHA, Plaintiff seeks payment of those fees and costs by Defendants, on motion and according to proof at the time of Plaintiff's prevailing in this case. Further, Plaintiff seeks all equitable remedies under the FEHA against Defendants - including injunctive and declaratory relief.

' WHEREFORE, Plaintiff requests relief as hereafter provided.

## SECOND CAUSE OF ACTION

### Violation of FEHA, Government Code § 12940(h) – Retaliation

### (Against All Defendants)

24.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action individually against all Defendants.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR A JURY TRIAL

1       25.   At all applicable times mentioned in this complaint, Defendants regularly

2   employed five or more persons bringing Defendants within the provisions of the California Fair

3   Employment and Housing Act.

4       26.   Plaintiff has adequately exhausted all his administrative remedies under FEHA

5   and obtained a valid "right to sue" letter from the California Department of Fair Employment and

6   Housing against Defendants.

7       27.   Plaintiff was retaliated against by Defendants due to his disability/medical

8   condition and for taking a medical leave of absence. He was not given additional time to complete

9   his Performance Improvement Plan upon his return from medical leave and was, subsequently,

10  terminated thereafter. Additionally, Plaintiff was retaliated against due to his age at the time of

11  hire and continued employment.

12      28.   As a proximate result of Defendants/willful, knowing, and intentional violation(s)

13  of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and other

14  employment benefits.

15      29.   As a proximate result of Defendant's willful, knowing, and intentional

16  violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional

17  distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

18  Plaintiff further seeks all declaratory and equitable relief allowed by the FEHA and common law.

19      30.   Plaintiff is informed and believes and therein alleges that the aforesaid acts

20  directed toward him were carried out with a conscious disregard of his right to be free from such

21  illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil

22  Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and

23  set an example of the Defendants named herein.

24      31.   Plaintiff has incurred and continues to incur legal expenses and attorney fees.

25  Pursuant to the provisions of the FEHA, Plaintiff seeks payment of those fees and costs by

26  Defendants, on motion and according to proof at the time of Plaintiff's prevailing in this case.

27  Further, Plaintiff seeks all equitable remedies under the FEHA against Defendants - including

28  injunctive and declaratory relief.

WHEREFORE, Plaintiff requests relief as hereafter provided.

### THIRD CAUSE OF ACTION

**Violation of FEHA, Government Code § 12940(j) – Harassment**

**(Against All Defendants)**

32. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action individually against all Defendants.

33. At all applicable times mentioned in this complaint, Defendants regularly employed five or more persons bringing Defendants within the provisions of the California Fair Employment and Housing Act.

34. Plaintiff has adequately exhausted all his administrative remedies under FEHA and obtained a valid "right to sue" letter from the California Department of Fair Employment and Housing against Defendants.

35. Plaintiff was harassed on the basis of his age– over 40 years of age– by Defendants, and by and through Khattak, as prohibited under FEHA. This harassment was so despicable, severe and/or pervasive as to materially alter the Plaintiff's work environment.

36. As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

37. As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

38. Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward him were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil

[this document printed on recycled paper]

1    Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and

2    set an example of each Defendant named herein.

3        39.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.

4    Pursuant to the provisions of the FEHA, Plaintiff seeks payment of those fees and costs by

5    Defendants, on motion and according to proof at the time of Plaintiff's prevailing in this case.

6    Further, Plaintiff seeks all equitable remedies under the FEHA against Defendants - including

7    injunctive and declaratory relief.

8        WHEREFORE, Plaintiff requests relief as hereafter provided

9

10

11                    **FOURTH CAUSE OF ACTION**

12   **Violation of FEHA, Government Code § 12940(k) – Failure to Take All Steps Necessary**

13              **to Stop Discrimination, Retaliation, and Harassment from Occurring**

14                       **(Against All Defendants)**

15       40.    As a separate and distinct cause of action, Plaintiff complains and realleges all the

16   allegations contained in this Complaint, and incorporates them by reference into this cause of

17   action as though fully set forth herein, excepting those allegations which are inconsistent with this

18   cause of action. Plaintiff brings this cause of action individually against all Defendants.

19       41.    At all applicable times mentioned in this complaint, Defendants regularly

20   employed five or more persons bringing Defendants within the provisions of the California Fair

21   Employment and Housing Act.

22       42.    Plaintiff has adequately exhausted all his administrative remedies under FEHA

23   and obtained a valid "right to sue" letter from the California Department of Fair Employment and

24   Housing against Defendants.

25       43.    Defendants failed to take all reasonable steps necessary to prevent discrimination

26   and harassment of Plaintiff from occurring in violation of Government code section 12940(k).

27   This includes knowledge, allowance and ratification of discrimination and harassment based on

28   Plaintiff's age.

44.     As a proximate result of Defendant's willful, knowing, and intentional violation(s) of FEHA, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

45.     As a proximate result of Defendants' willful, knowing, and intentional violation(s) of FEHA, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

46.     Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward him were carried out with a conscious disregard of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code section 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of the Defendants named herein.

47.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Pursuant to the provisions of the FEHA, Plaintiff seeks payment of those fees and costs by Defendants, on motion and according to proof at the time of Plaintiff's prevailing in this case. Further, Plaintiff seeks all equitable remedies under the FEHA against Defendants - including injunctive and declaratory relief.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## FIFTH CAUSE OF ACTION

**Interference With and Retaliation for Taking Leave Under the California Family Rights Act, Cal. Gov. Code §§ 12945.2, et seq.**

**(Against All Defendants)**

48.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action individually against all Defendants.

49.     California Government Code § 12945.2 enables an employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave, and be

- 9 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR A JURY TRIAL

1   reinstated to his same or comparable position upon termination of the leave, so long as the

2   employee had more than 12 months of service with the employer, and had at least 1,250 hours

3   of service with the employer during the previous 12-month period.

4       50.     Defendants employed 50 or more employees within a 75-mile radius of the

5   worksite where Plaintiff was employed.

6       51.     Defendant terminated Plaintiff's employment immediately upon completion

7   after being granted his leave requested and protected under Government Code § 12945.2.

8       52.     Defendants' actions constitute violations of Government Code § 12945.2,

9   including both interference with his ability to take leave and retaliation for taking leave.

10      53.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

11  actual, consequential and incidental financial losses, including without limitation, loss of

12  salary and benefits, and the intangible loss of employment related opportunities in his field and

13  damage to his professional reputation, all in an amount subject to proof at the time of trial.

14  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or

15  any other provision of law providing for prejudgment interest.

16      54.     As a proximate result of the wrongful acts of Defendants, and each of them,

17  Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish

18  and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed

19  and believes and thereupon alleges that he will continue to experience said physical and

20  emotional suffering for a period in the future not presently ascertainable, all in an amount

21  subject to proof at the time of trial.

22      55.     As a proximate result of the wrongful acts of the aforementioned Defendants,

23  Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is

24  expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is

25  entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

26  Plaintiff, and the State of California, are further entitled to obtain affirmative, equitable relief and

27  Plaintiff does so seek those remedies at trial.

28

56. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendants and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against Defendants.

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against all Defendants)

57. As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action. Plaintiff brings this cause of action individually against all Defendants.

58. At all times mentioned in this complaint, Government Code § 12940 was in effect, and barred discrimination, retaliation and other adverse employment actions related to a person's disability, gender, pregnancy, taking of leave and a failure to accommodate that disability.

59. Defendants violated the public policy of the State of California by wrongfully terminating Plaintiff in violation of, among other things, Government Code § 12940(a), when they terminated Plaintiff.

60. As a proximate result of Defendants' willful, knowing, and intentional actions against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

61. As a proximate result of Defendants' willful, knowing, and intentional actions against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

[this document printed on recycled paper]

62.     Plaintiff is informed and believes and therein alleges that the aforesaid acts directed toward him were carried out with a conscious disregard by Defendant and its managing agents of his right to be free from such illegal behavior, such as to constitute oppression, fraud, or malice pursuant to California Civil Code § 3294 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of the Defendants named herein.

63.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff has incurred and continues to incur legal expenses and attorney fees and seeks those fees by motion on his prevailing in this matter.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against all Defendants on all causes of action as follows:

1.     For general damages to compensate Plaintiff for his past, present, and future emotional distress, pain and suffering, and loss of pleasure and enjoyment of life, and other general damages according to proof;

2.     For restitution of all monies due Plaintiff including back pay, front pay, lost employment benefits and other compensation, medical expenses, and other special damages according to proof;

3.     For punitive damages against all non-public entity as allowed by law;

4.     For attorneys' fees pursuant to Government Code § 12965, and any other applicable statute;

5.     For civil penalties against each Defendant as allowed by law and pursuant to statute, on behalf of Plaintiff;

6.     For exemplary and punitive damages according to proof at trial;

7.     For injunctive relief against each Defendant;

8.     For all costs of suit herein incurred;

9.     For an award of interest, including prejudgment interest, as provided by law and according to proof at trial; and

10.     For such other relief, in law or in equity, as this Court deems just and proper.

- 12 -

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR A JURY TRIAL

1

2   DATED:  August 29, 2018                    By: _____

3                                                  Alireza Alivandivafa, Esq.
                                                   Azad M. Marvazy, Esq.
4                                                  Attorneys for Plaintiff,
                                                   Alexander Ramsey

5

6                            **DEMAND FOR JURY TRIAL**

7       Plaintiff hereby demands a jury trial in this action against Defendants.

8

9   DATED:  August 29, 2018

10

11                                             By: _____

12                                                 Alireza Alivandivafa, Esq.
                                                   Azad M. Marvazy, Esq.
13                                                 Attorneys for Plaintiff,
                                                   Alexander Ramsey

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[this document printed on recycled paper]

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR A JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHBIT A

- 15 -

[this document
printed on
recycled paper]

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR A JURY TRIAL

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency **DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

September 08, 2017

Azad Marvazy
1925 Century Park East, Suite 1990
Los Angeles California 90067

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 954983-311001
Right to Sue: Ramsey / Amway Corp.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 08, 2017

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 954983-311001
Right to Sue: Ramsey / Amway Corp.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer, Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 08, 2017

Alexander Ramsey
1925 Century Park East, Suite 1990
Los Angeles, California 90067

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 954983-311001
Right to Sue: Ramsey / Amway Corp.

Dear Alexander Ramsey,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 08, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer, Services, and Housing Agency
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

**Enclosures**

cc:  Alticor Inc.

Farouque Khattak

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of        DFEH No. 954983-311001
Alexander Ramsey, Complainant.
1925 Century Park East, Suite 1990
Los Angeles, California  90067

vs.

Amway Corp., Respondent.
7575 E. Fulton Street
Ada, Michigan 49355

Complainant alleges:

1. Respondent **Amway Corp.** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **April 21, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Asked impermissible non-job-related questions, Denied a work environment free of discrimination and/or retaliation, Denied employment, Terminated,** . Complainant believes respondent committed these actions because of their: **Age - 40 and over, Disability, Family Care or Medical Leave** .

3. Complainant **Alexander Ramsey** resides in the City of **Los Angeles**, State of **California**. If complaint includes co-respondents please see below.

-5-
*Complaint ± DFEH No. 954983-311001*

Date Filed: September 08, 2017

DFEH 902-1

1

2   **Co-Respondents:**
    Alticor Inc.

3
    7575 E. Fulton Street
4   Ada  Michigan 49355

5
    **Farouque Khattak**
6   7575 E. Fulton Street
7   Ada  Michigan 49355

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**Additional Complaint Details:**

I, Alexander Ramsey, was employed by the Respondent/Co-Respondent as a Group Leader. During my employment, I was harassed and discriminated against based on my age, ultimately leading to my wrongful termination. In addition, I believe I was retaliated against for taking protected medical leave and based on my disability or perceived disability. Just days after returning from my medical leave, I was terminated. Farouque Khattak, Vice President of Operations, made numerous comments and asked me impermissible non-job-related questions, harassing me based on my age. Vice President Khattak pervasively brought up my age, to myself and others, repeatedly creating a work environment wherein I felt harassed. Other supervisors made comments to me relating to my age which made it clear that the extra scrutiny I received was harassment based on my age and that I was terminated based on my age, which was 47 years old at the time.

-7-

Date Filed: September 08, 2017

DFEH 902-1

VERIFICATION

I, **Alexander Ramsey**, am the Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On September 08, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, California**
**Alexander Ramsey**

DFEH 902-1

-8-

*Complaint ± DFEH No. 954983-311001*

Date Filed: September 08, 2017

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>─Alireza Alivandivafa, Esq. (State Bar Number 255730)<br>1925 Century Park East, Suite 1990<br>Los Angeles, California 90067<br><br>TELEPHONE NO.: (310) 570-2238    FAX NO.: (310) 300-1015<br>ATTORNEY FOR *(Name):* Plaintiff Alexander Ramsey | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**08/29/2018** at 05:41:58 PM<br>Clerk of the Superior Court<br>By Clarissa Bustamante,Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: Civic Center Courthouse
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Ramsey v. Amway, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2018-01015522-CU-WT-CJC |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:  Judge Sheila Fell<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09)<br>☐ Insurance coverage (18) | ☐ Mass tort (40)<br>☐ Securities litigation (28) |
| ☐ Asbestos (04)<br>☐ Product liability (24) | ☐ Other contract (37)<br>**Real Property** | ☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33)<br>☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08)<br>☐ Defamation (13) | ☐ Commercial (31)<br>☐ Residential (32) | **Miscellaneous Civil Complaint**<br>☐ RICO (27) |
| ☐ Fraud (16)<br>☐ Intellectual property (19) | ☐ Drugs (38)<br>**Judicial Review** | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11) | **Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21) |
| **Employment**<br>☑ Wrongful termination (36) | ☐ Writ of mandate (02) | ☐ Other petition *(not specified above)* (43) |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☑ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 29, 2018

Alireza Alivandivafa, Esq.
_____
(TYPE OR PRINT NAME)                                         ▶ _____
                                                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box for the case type** that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

### BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

### DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

### TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

**ADDITIONAL INFORMATION.**

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:         Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:        Bar No: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center – 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
       ☐ Under section 1141.11 of the Code of Civil Procedure
       ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____    _____    _____
                (SIGNATURE OF PLAINTIFF OR ATTORNEY)       (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____    _____    _____
                (SIGNATURE OF DEFENDANT OR ATTORNEY)      (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
| PLANTIFF:Alexander Ramsey | **Sep 04, 2018** |
| DEFENDANT:Farouque Khattak et.al. | Clerk of the Superior Court<br>By Corinne Mika Deputy |
| Short Title: Ramsey vs. Khattak | |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2018-01015522-CU-WT-CJC |

Please take notice that a(n),Case Management Conference has been scheduled for hearing on 12/06/2018 at 08:45:00 AM in Department C25 of this court, located at Central Justice Center .

Clerk of the Court, By: _Corinne Mika_ , Deputy

**NOTICE OF HEARING**

169.298250. 2 of 3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** Ramsey vs. Khattak

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:** 30-2018-01015522-CU-WT-CJC |
| --- | --- |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. The certification occurred at Santa Ana, California, on 09/04/2018. Following standard court practice the mailing will occur at Sacramento, California on 09/05/2018.

Clerk of the Court, by: _____ , Deputy

ALIREZA ALIVANDIVAFA
1925  CENTURY PARK EAST  # 1990
LOS ANGELES, CA 90067

AZAD MARVAZY
1925 E CENTURY PARK # 1990
LOS ANGELES, CA 90067

V3 1013a (June 2004)                                    Code of Civil Procedure , § CCP1013(a)